## PUSHBACK v BOWERS

Ohio Appeals, 9th Dist, Lorain Co

No 663. Decided Oct 13, 1933

Stevens & Stevens, Elyria, for plaintiff in error.

Borden & Gaines, Cleveland, and Deutsch & Dilgren, Elyria, for defendant in error.

## OPINION

By FUNK, J.

Twelve grounds of error are urged in this court, of which eleven pertain to alleged errors in the charge. It is not claimed that the verdict is manifestly against the weight of the evidence. We will consider the claimed errors in the order set out in the briefs.

1. Counsel contend that "the court erred in failing to charge the jury that it was the claim of the defendant that the accident happened by reason of the sole negligence of Mabel Witter."

The record shows that the court gave defendant's special request No. 1 before argument, in which the jury was instructed that if "the accident * * * occurred by reason of the sole negligence of Mrs. Witter in the operation of her car, then plaintiff cannot recover in this case and your verdict must be for the defendant." We think the court also sufficiently covered this phase of the case on page 156 of the general charge and which is quoted on page 8 of defendant's brief. We therefore find no error in this particular.

2. Counsel contend that "the charge of the court on the subject of proximate cause was prejudicial."

Counsel for defendant do not claim that the court did not properly define proximate cause, but complain only of certain language used in its application, wherein the court said, concerning the violation of certain statutes, that "to be actionable it must be shown that a violation of this section of the law had something to do with the collision; that is, that it caused or proximately contributed to cause the collision and the injuries complained of by the plaintiff"—the complaint being as to the use of the words "had something to do with the collision."

Even if this language could be said to be improper if the court had ended the paragraph with the words complained of, it surely cannot be said, when said words are taken in connection with the language of the whole paragraph in which they are found, that they were prejudicial to the defendant.

Counsel for defendant also contend that if defendant was negligent, it was the remote rather than the proximate cause of the accident.

This was a question of fact for the jury to determine.

They also make some complaint about concurrent negligence having no application in this case.

We find no error prejudicial to defendant in what the court said to the jury concerning proximate cause or the negligence of defendant or that of other persons.

3. Counsel claim that "Defendant was entitled to have the issues made known to the jury by the court's charge—not only as raised by his answer, but also as developed by the evidence."

The answer was a general denial. It is claimed that it raised the issues, first, that defendant was not guilty of any negligence, and second, that the negligence of Mrs. Witter was the proximate cause of the accident; the claim being that the court did not adequately charge concerning negligence as it pertained to Mrs. Witter.

In view of the fact that Mrs. Witter was not a party to this action, and considering the general charge as a whole, and what the court said on the subject of Mrs. Witter's negligence in said charge and in the giving of defendant's request No. 1, and the

168

fact that counsel for defendant made no request that the court make any further charge concerning the claimed negligence of Mrs. Witter, we find no prejudicial error in this particular.

4. Counsel claim that the court erred in charging the jury with reference to the duty of the operator of an automobile to keep his car under reasonable control.

We have carefully examined the charge with this contention in mind, and we cannot agree with the conclusion of counsel as to the effect of this charge. It is quite apparent that what the court said on this subject was applicable not only to defendant but to every operator of an automobile. Moreover, counsel for defendant made no request that the court further amplify the charge by including what counsel claims should have been added.

5. Counsel claim that "the court erred in charging the jury that there was a duty resting upon defendant of giving a warning or signal in crossing said Cleveland avenue and approaching Prospect avenue."

This contention is not borne out by the part of the charge referred to and quoted by counsel, which reads:

"It was one of the duties of the defendant to keep a vigilant lookout ahead for other vehicles that might be approaching from either direction in said Cleveland avenue, and, if ordinary care required it,· to give some signal or warning in crossing said Cleveland avenue and approaching Prospect avenue."

We find nothing prejudicial to defendant in this language, and the duty to give a warning or signal was made contingent on whether "ordinary care required it." Moreover, when the foregoing language is considered in connection with what the court said in the paragraph immediately following it concerning the duty of a driver of an automobile to give such warning when crossing a public street from a private driveway, it surely cannot be said that the charge was prejudicial to defendant.

6. It is contended that "the court erred in limiting to defendant, application of the ordinance of the village of Amherst offered in evidence by defendant."

It must be borne in mind that it was the negligence of defendant that plaintiff was required to prove. The negligence of Mrs. Witter was not material unless it was the sole proximate cause of the collision. The court did tell the jury that the unmistakable purpose of these provisions was "to compel everyone driving a motor vehicle upon any of the highways of the state to respect the rights of others also lawfully using them." There is no claim that the court said anything improper in this respect. The only claim is that he did not go further and make it specifically applicable to Mrs. Witter by special reference to her, although she was not a party to this suit. No claim is made that counsel called the court's attention to this omission or made any request that the court include Mrs. Witter in this connection. We find nothing prejudicial to defendant in this particular.

7. Counsel contend that "the court erred * * * in failing to say to the jury that the violation of this statute (§6310-29, GC) was not negligence in and of itself." Counsel claim that this section is not applicable because defendant was crossing the street and was thus not joining the flow of traffic.

Whether applicable or not, what the court said was not prejudicial to defendant under the evidence in this case, as the court told the jury that this section "simply provides a rule of conduct" and "did not impose upon the defendant a specific requirement to do or omit to do a specific act," and in the next paragraph the court said concerning this section: "but the question of his negligence is not determined as a matter of law by any definite act required of him by the statute which I have just read." Considering all the court said on this subject, we find nothing prejudicial to defendant.

8. We are of the opinion that the court rightfully refused to give defendant's request (No. 3) to charge before argument, and find no error in what the court said on that subject in the general charge at the top of page 154 of the record.

9. Counsel contend that "The court erred in charging that the statute of Ohio requiring the operator of an automobile to be able to stop within the assured clear distance ahead was applicable to the defendant.

We have carefully examined the charge in reference to this contention, and do not find it prejudicial to defendant.

10. Counsel contend that "the court erred in limiting the discussion of the speed statute, pages 151 to 152 of the record, to the defendant."

From our examination of the record, we find no error in this particular. The burden was placed upon plaintiff to prove the negligence of defendant, and counsel made no request to make it applicable to Mrs. Witter, who was not a party in the suit.

Moreover, as heretofore stated, the court made it plain that the violation of the statutes referred to applied to every operator of a motor vehicle.

11. Counsel contend that "the court erred in charging the jury as to the measure of damages " * * relating to the effect of the accident on his future health."

It is contended that the court told the jury that plaintiff could recover for future pain or permanent injury if he proved, by a preponderance of the evidence, that he would have such pain or permanent injury, although the true rule is that a recovery for future damages can only be had for such damages as are reasonably certain to ensue, and that proof by a preponderance of the evidence is not sufficient.

What the court said on the subject was this:

"You may take into consideration the effect which you find it may have had upon his future health, but the court should say to you that before you allow the plaintiff anything for permanent injuries or for future pain and suffering or incapacity, you must find from the evidence, and by a preponderance thereof. with reasonable certainty, that he will have future pain and suffering and that he will have permanent injuries or will suffer incapacity on account of the accident and injuries."

We think that while the language in the charge is not that generally used, it does bring the instruction within the rule, as it instructs the jury that they "must find from the evidence, and by a preponderance thereof, with reasonable certainty, that he will have future pain," etc. We therefore find no error in this particular.

12. Counsel further contend that "the verdict was the result of passion and pre-judice."

We have carefully examined the record and cannot agree with counsel for defendant in this contention.

Finding no error prejudicial to defendant, the judgment is affirmed.

WASHBURN. PJ, and STEVENS, J, concur in judgment.